19-649-cr
United States v. Parnell

# United States Court of Appeals
# for the Second Circuit

August Term 2019

(Submitted: March 6, 2020          Decided: May 19, 2020)

Docket No. 19-649-cr

———————————————————————

UNITED STATES OF AMERICA,

*Appellee*,

v.

LINDA SUE PARNELL,

*Defendant-Appellant.*

———————————————————————

Before:

HALL, LOHIER, and PARK, *Circuit Judges*.

Defendant-Appellant Linda Sue Parnell appeals from the judgment of the United States District Court for the Northern District of New York (Hurd, *J.*) ordering her to pay restitution in the amount of $72,207.16. Parnell pleaded guilty to four counts of wire fraud in 2018 for submitting false expense-reimbursement forms to the Department of Labor. She contends that the restitution amount should not have included losses from 2010 to 2012, which fell outside the five-year statute of limitations for wire fraud. We hold that the restitution order was proper under the Mandatory Victims Restitution Act because all of the losses resulted from the same "scheme," even though some occurred outside the limitations period for the underlying crime. 18 U.S.C. § 3663A(a)(2). For the reasons stated below, the judgment of the district court is **AFFIRMED.**

Melissa A. Tuohey, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender for the Northern District of New York, Syracuse, NY, *for Defendant-Appellant*.

Michael F. Perry, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY, *for Appellee*.

Park, *Circuit Judge*:

This appeal arises from a long-running scheme to defraud the United States through the submission of false expense-reimbursement forms. Linda Sue Parnell is a former federal employee who received reimbursement for hundreds of fake trips to and from her local YMCA between 2010 and 2016 as part of her federal worker's compensation benefits. Parnell was indicted for wire fraud in August 2017. She pleaded guilty, and the district court ordered her to pay forfeiture and to make restitution for the total amount that she fraudulently claimed for reimbursement between 2010 and 2016.

Parnell argues that the five-year statute of limitations for wire fraud bars restitution for losses before August 2012. We hold that the district court properly ordered restitution for losses from Parnell's wire fraud dating back to 2010. The Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3663A, requires

restitution for all losses, *id.* § 3664(f)(1)(A), arising from "criminal conduct in the course of [a] scheme" where a scheme is an element of the offense of conviction, *id.* § 3663A(a)(2), even for losses that occurred outside the limitations period for the underlying crime. We thus **AFFIRM** the judgment of the district court.

## I. BACKGROUND

Parnell, a former nurse at a Veterans Affairs hospital, began receiving federal worker's compensation benefits through the U.S. Department of Labor Office of Workers' Compensation Programs ("OWCP") after injuring her back in 1995. OWCP authorized Parnell to seek mileage reimbursements for travel to and from certain local YMCAs and covered medical appointments.

With each request for travel reimbursement, Parnell had to submit a Medical Travel Refund Request Form to OWCP. Parnell signed each of those forms, providing a Payee's Certification that stated:

> I hereby certify that the information given by me on and in connection with this form is true and correct to the best of my knowledge and belief. I am aware that any person who knowingly makes any false statement or misrepresentation to obtain reimbursement from OWCP is subject to civil penalties and/or criminal prosecution.

PSR ¶ 2.

Between January 2, 2010 and August 30, 2016, Parnell submitted false expense reports to OWCP that inflated or entirely fabricated her travel costs.

Specifically, Parnell submitted travel-reimbursement forms for 1,771 visits to a YMCA in Fayetteville, New York, when in fact she had visited that YMCA only five times. In total, she received $72,207.16 in improper reimbursements.

In 2018, Parnell pleaded guilty to four counts of wire fraud for devising and executing a "scheme to defraud" that lasted from January 2, 2010 to August 30, 2016, during which time she submitted hundreds of false reimbursement forms. The counts in the indictment related to four wire transactions totaling $2,269.64, all of which fell within the five-year period preceding Parnell's indictment in 2017.

The district court sentenced Parnell to five years of probation and ordered her to pay $72,207.16 in restitution, which was the total amount that Parnell fraudulently claimed for reimbursement between 2010 and 2016. The district court also entered a forfeiture money judgment for the same amount. This appeal followed.

## II. DISCUSSION

This Court reviews restitution orders under the MVRA for "abuse of discretion." *United States v. Gushlak*, 728 F.3d 184, 190 (2d Cir. 2013) (internal quotation marks omitted). "A district court abuses its discretion when a challenged ruling rests on an error of law, a clearly erroneous finding of fact, or

4

otherwise cannot be located within the range of permissible decisions." *Id.* (internal quotation marks omitted). Questions of law raised by challenges to restitution orders are reviewed *de novo*. *Id*. at 191.

A.    Restitution Under the MVRA

"As in all statutory construction cases, we begin with the language of the statute. The first step is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *United States v. Am. Soc'y of Composers, Authors & Publishers*, 627 F.3d 64, 72 (2d Cir. 2010) (internal quotation marks omitted). "When the language of a statute is unambiguous, judicial inquiry is complete." *Id.* (internal quotation marks omitted).

The MVRA provides that a district court "shall order, in addition to . . . any other penalty authorized by law, that the defendant make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1). For "an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity," the MVRA defines a victim entitled to restitution as "any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." *Id.*

§ 3663A(a)(2).[1] Wire fraud is such an offense, requiring a "scheme or artifice to defraud" as an element of the crime. *Id*. § 1343.

Based on the plain meaning of the statute, we hold that restitution under the MVRA encompasses losses arising from criminal conduct in the course of a scheme, including acts outside the statute-of-limitations period, as long as those losses are attributable to the same underlying scheme, and as long as some part of that scheme for which the defendant was convicted occurred within the statute of limitations.[2] *See* 18 U.S.C. § 3663A. Three of our sister circuits to consider this question have reached the same conclusion. The Sixth, Ninth, and Eleventh Circuits have held that restitution under the MVRA can extend to losses caused by conduct outside the statute of limitations.[3] *See United States v. Ellis*, 938 F.3d 757, 763–65 (6th Cir. 2019); *United States v. Anieze-Smith*, 923 F.3d 565, 573–75 (9th Cir. 2019); *United States v. Dickerson*, 370 F.3d 1330, 1341–42 (11th Cir. 2004).

---

[1] The MVRA's definition of "victim" applies to the government here. *See United States v. Ekanem*, 383 F.3d 40, 44 (2d Cir. 2004) (holding "that the Government fits within the meaning of 'victim' under the MVRA").

[2] This interpretation "is consistent with the intent and purpose of the MVRA to expand, rather than limit, the restitution remedy." *Ekanem*, 383 F.3d at 44; *see also* 18 U.S.C. § 3664(f)(1)(A) (requiring restitution "to each victim in the full amount of each victim's losses").

[3] The Tenth Circuit has reached the same conclusion, albeit in a non-precedential order. *See United States v. Williams*, 356 F. App'x 167, 170 (10th Cir. 2009).

B. Application

Here, we conclude that the district court did not abuse its discretion by ordering Parnell to pay $72,207.16 in restitution. The district court ordered restitution for the total losses from Parnell's scheme, which began in January 2010, including losses incurred outside the five-year statute of limitations for wire fraud. This was proper because the losses resulted from a single scheme comprised of a repeated pattern of conduct.[4]

First, when Parnell knowingly and voluntarily pleaded guilty to wire fraud, she admitted to "fill[ing] out paperwork for travel expenses wrongly" since 2010. App'x 33. As noted above, wire fraud is a crime that includes as an element "a scheme to defraud." 18 U.S.C § 1343. And Parnell's guilty plea to wire fraud, which she does not challenge, was the basis on which the district court necessarily found that Parnell engaged in a scheme to defraud. The MVRA thus requires restitution for Parnell's "criminal conduct in the course of the scheme." *Id.* § 3663A(a)(2). Second, the four counts of wire fraud to which Parnell pleaded

---

[4] Although the district court imposed the restitution order based on its determination that wire fraud constitutes a continuing offense, we can affirm on any ground for which there is a sufficient record. *See Olsen v. Pratt & Whitney Aircraft, Div. of United Techs. Corp.*, 136 F.3d 273, 275 (2d Cir. 1998). We conclude that the restitution order was properly imposed under the MVRA, and we do not address here whether wire fraud is a continuing offense.

7

guilty all fell within the five-year statute of limitations. These four counts encompassed conduct that was part of Parnell's scheme to defraud the government—the victim of this crime. *See id.* The amount of restitution ordered— $72,207.16—is the total amount of the losses suffered by the government over the course of Parnell's fraudulent-reimbursement scheme. The $72,207.16 is all attributable to the same underlying scheme, and the four counts of wire fraud on which Parnell was convicted were a part of that scheme and occurred within the statute of limitations period. Thus, the district court did not abuse its discretion by ordering restitution under the MVRA for the total losses caused by the scheme, including losses from the 2010–2012 period outside the statute of limitations.

Parnell relies on *Toussie v. United States*, 397 U.S. 112 (1970), and *United States v. Green*, 897 F.3d 443 (2d Cir. 2018), to argue that restitution can reach transactions outside a limitations period only when the crime at issue is a "continuing offense." *Toussie*, however, did not address restitution at all and was decided long before Congress enacted the MVRA. *See* 397 U.S. at 114. And *Green* involved individual violations of a statute prohibiting embezzlement of government money for which a "scheme" is not an element of the crime. *See* 897 F.3d at 448 (citing 18 U.S.C.

8

§ 641).  There, we concluded that each of the defendant's acts was a separate offense and not part of a single scheme to defraud.  *Id*.

We thus reject Parnell's arguments and affirm the district court's order of restitution.[5]

**III. CONCLUSION**

For the reasons above, we **AFFIRM** the judgment of the district court.

---

[5] We lack jurisdiction to consider Parnell's argument that the district court erred by entering a forfeiture order in the amount of $72,207.16 because Parnell's notice of appeal challenged "THE AMOUNT OF RESTITUTION ONLY."  App'x 102.  And "our jurisdiction is limited by the wording of the notice."  *New Phone Co. v. City of New York*, 498 F.3d 127, 130 (2d Cir. 2007).