19-4199-cr
*United States v. Morrison*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of January, two thousand twenty-one.

PRESENT: GUIDO CALABRESI,
REENA RAGGI,
DENNY CHIN,
*Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
*Appellee*,

-v-                                                      19-4199-cr

HIBAH LEE, MARK GABRIEL, AKA Bubbles,
BOBBY MOORE, JR., AKA Pops, ANDRE
DAVIDSON, AKA O Dog, BOBBY SAUNDERS, AKA
Bobby Moore, CARMEN MOORE, AKA Munchie,
TYRONE MOORE, AKA Puss, HISAN LEE, AKA Ice,
AKA Devontea Clark, SELBOURNE WAITE, AKA
Silky, DELROY LEE, AKA Specs, AKA DJ,
DAKWAN EDWARDS, AKA Doc, MARQUISH
JONES, AKA Lunchbox, MARK HART, AKA
Movements, RAHEEM TUCKER, AKA Ras

Unknown, DEMETRI YOUNG, AKA Walter Malone,
CHRISTOPHER DIAZ, AKA X Box, ANTHONY
MICHAEL DIAZ, AKA Little X, PAUL LOVE,
AARON BIRCH, AKA A, KEVIN BECKFORD, AKA
Carl Beckford, JERMELL FALZONE, AKA Mel,
LEVAR GAYLE, AKA Train,

        *Defendants*,

ROBERT MORRISON, AKA Chips,

        *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR APPELLEE:      ALEXANDER LI, Assistant United States
            Attorney (Thomas McKay, Assistant United
            States Attorney, *on the brief*), *for* Audrey
            Strauss, United States Attorney for the
            Southern District of New York, New York,
            New York.

FOR DEFENDANT-APPELLANT:  DANIEL HABIB, Federal Defenders of New
            York, Inc., Appeals Bureau, New York, New
            York.


    Appeal from the United States District Court for the Southern District of

New York (Preska, *J.*).

    **UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND**

**DECREED** that the order of the district court is **AFFIRMED**.

    Defendant-appellant Robert Morrison appeals from the district court's

order, entered December 11, 2019, denying his motion for a sentence reduction

pursuant to the First Step Act of 2018 (the "Act"), which makes retroactive the

provisions of the Fair Sentencing Act of 2010 that lowered mandatory minimum sentences for certain offenses involving crack cocaine. On appeal, Morrison argues that the district court abused its discretion in denying his motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### I. Background

On January 4, 2010, Morrison pleaded guilty, pursuant to a plea agreement, to a two-count superseding information charging him with (1) conspiracy to distribute and possess with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), (b)(1)(B), and 846, and (2) discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. At the time, the crack-conspiracy offense carried a mandatory minimum sentence of five years' imprisonment, while the § 924(c) count, as it does now, carried a mandatory minimum of ten years. In the plea agreement, the parties stipulated that Morrison "conspired to distribute and possess with intent to distribute at least 150 grams but less than 500 grams" of crack. The parties also agreed that the applicable Guidelines range for the crack-conspiracy count was 97 to 121 months and that the § 924(c) count carried a mandatory minimum consecutive sentence of 120 months, for a total Guidelines range of 217 to 241 months.

On January 12, 2012, the district court (Jones, *J.*) adopted the parties' Guidelines calculation, and then varied downward by sentencing Morrison to 72 months on the crack-conspiracy count and to a consecutive 120 months on the § 924(c) count, for a total of 192 months. Morrison is currently scheduled to be released on April 30, 2021.

On July 22, 2019, Morrison submitted a motion for reduction of his sentence to time served pursuant to the Act, arguing that his crack-conspiracy count was no longer anchored by a five-year mandatory minimum and pointing to his rehabilitative efforts during his approximately fourteen years of imprisonment. On December 11, 2019, the district court (Preska, *J.*) denied Morrison's motion for "two main reasons": (1) Morrison's "less than stellar" disciplinary record which "still raise[d] questions about the extent of Morrison's remediation," and, "more importantly," (2) "the severity of Morrison's offense conduct." App'x at 150. The district court reasoned that a sentence reduction would "give him an undeserved windfall unavailable to defendants who engaged in the exact same conduct post-Fair Sentencing Act." App'x at 151.

## II.    *Discussion*

A sentence reduction under the Act rests within the discretion of the district court. Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). We "review the denial of a motion for a discretionary sentence reduction for abuse of

4

discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). "A district court abuses its discretion when a challenged ruling rests on an error of law, a clearly erroneous finding of fact, or otherwise cannot be located within the range of permissible decisions." *United States v. Parnell*, 959 F.3d 537, 539 (2d Cir. 2020) (internal quotation marks omitted).

First, on the eligibility question, the district court correctly held that Morrison is eligible for relief under the Act. "[I]t is a defendant's statutory offense, not his or her 'actual' conduct, that determines whether he has been sentenced for a 'covered offense' within the meaning of Section 404(a) [of the Act], and is consequently eligible for relief under Section 404(b)." *United States v. Johnson*, 961 F.3d 181, 190 (2d Cir. 2020). Morrison was convicted for crack conspiracy, in violation of § 841(b)(1)(B)(iii), the statutory penalty for which was later modified by § 2(a)(2) of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a)(2); 124 Stat. 2372, 2372, and Morrison committed his crimes before August 3, 2010, thus making his conviction a "covered offense," 132 Stat. at 5222. *See Johnson*, 961 F.3d at 191.

Second, we turn to whether the district court abused its discretion in declining to reduce Morrison's sentence on the merits. Morrison does not challenge the reasonableness of the district court's first basis for rejecting his motion: Morrison's "less than stellar" disciplinary record of seven sanctions since 2008 for misconduct, including fighting, marijuana use, and disruptive behavior. App'x at 150. Morrison suggests,

5

however, that the district court's denial of a sentencing reduction cannot rest on this basis alone.

We need not decide whether the first basis is sufficient alone. The district court also identified a "more important[ ]" ground for denial of relief: "the severity of Morrison's offense conduct makes it inappropriate to reduce his sentence" because doing so would "give him an undeserved windfall unavailable to defendants who engaged in the exact same conduct post-Fair Sentencing Act," which would be inconsistent with the "Court's obligation to impose sentences that both 'reflect the seriousness of the offense' and 'avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.'" App'x at 150-51 (quoting 18 U.S.C. § 3553(a)(2)(A) and (a)(6)).

Specifically, the district court noted that while Morrison was "only charged for five grams of crack," his violation "actually involved a much larger amount: over 150 grams." App'x at 150. In support, the district court cited to Morrison's sentencing transcript in which "Morrison did not challenge the drug quantity of over 150 grams of crack specified in the plea agreement," App'x at 146, as well as the plea agreement itself, which set the upper bound of the weight distributed by Morrison at 500 grams, App'x at 32. Furthermore, at the sentencing hearing, Morrison withdrew a request for a reduced Guidelines range and declined an evidentiary hearing on the issue

of drug quantity after the government indicated it could prove Morrison's agreement to distribute 500 grams of crack. App'x at 67-68.

On this record, which also shows the district court's consideration of "the parties' submissions, the 18 U.S.C. § 3553(a) factors, and Morrison's post-offense conduct," App'x at 150, and its concerns regarding Morrison's disciplinary record and the seriousness of his crimes, we are not persuaded that the district court made a "legal and logical error," Appellant's Brief at 1, or a clearly erroneous factual finding in exercising its discretion to deny a reduction of Morrison's 72-month sentence for the crack-conspiracy conviction. The district court's denial did not fall outside "the range of permissible decisions." *Parnell*, 959 F.3d at 539 (internal quotation marks omitted).

Finally, Morrison separately argues that *Johnson* forbids a district court from engaging in "mounting assumptions," 961 F.3d at 192 (such as conjecturing as to what the government would have charged and could have proved under a different statutory scheme), and posits this alleged legal error as an independent ground for vacatur. The argument that *Johnson* restricts a district court's discretion during a *merits* analysis of a sentence reduction motion is unavailing. This Court explicitly narrowed the scope of *Johnson* to answering the "sole question" of whether a defendant was convicted of a "'covered offense' and is therefore eligible for relief under Section 404 of the First Step Act." *Id.* at 183. Indeed, contrary to Morrison's argument, in *Johnson* we emphasized the availability of judicial discretion in denying reductions to eligible

7

defendants in response to the "government's frustration" with the broad eligibility for sentencing reductions pursuant to the Act. *Id*. at 193.

* * *

We have considered Morrison's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk