19-1443-cr
*United States v. Burns*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY
FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST
CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION
"SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON
ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second
Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in
the City of New York, on the 12th day of January, two thousand twenty-one.

PRESENT: GUIDO CALABRESI,
REENA RAGGI,
DENNY CHIN,
*Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
*Appellee*,

-v- 19-1443-cr

QUIANE WILLIAMS, AKA Splash, AKA S-dot,
CURTIS MACK, AKA KB, AKA K, AKA Meech, AKA
Meeks, STEPHONE HERRING, AKA Esco, AKA
Frank, WILFREDO GONZALEZ, AKA Will,
MICHAEL GILES, AKA Slick, ANTHONY WEBB,
AKA Ant, ANTOINE WEBB, AKA Twan, AKA Capo,
AKA Tall, KEVIN WILLIAMS, AKA Fats, HENRY
BRINSON, AKA Hen Roc, MAURICE COLON, AKA
Flirt, RASUN KING, AKA Green Eyes, HECTOR
BATISTA, AKA Hec, JEREMY SCOTT ALLEN, AKA

Tampa, CHRISTOPHER ANDERSON, AKA B.O.,
AKA Bobby, AKA Bobby Drama, LOREN DWYER,
AKA L Burna, TAYSHAWN FIELDS, AKA Breeze,
RAVEN FUENTES, MATTHEW GARCIA, AKA Pink,
AKA Pinky, VICTOR GONZALEZ, AKA Vex,
ZAKIYYAH HOULKER, AKA Z, BRUCE JACKSON,
AKA Finesse, AKA Ness, JEROME JACKSON, AKA
Rome, DUANE KIRBY, AKA Montana, AKA Tana,
AKA Ace, AKA Eddie, LUIS LIMA, AKA Ghost,
JOSHUA MARTIN, AKA Jizzy, DANIEL
MISCHIYEV, AKA Russia, KENNETH ORTIZ, AKA
Kenny, AKA KO, JACQUELINE RICCI, AKA Jackie,
JORGE SERRANO, AKA Bahno, JEFFREY
SPANGENBURG, AKA Spongbob, AKA Spongy,
CLAUDIS WILSON, AKA Dip, MICHAEL WRIGHT,
                         *Defendants*,

VICTOR BURNS, AKA V-12,
                         *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR APPELLEE:                    Marcia S. Cohen, Assistant United States
                                 Attorney (Anna M. Skotko, Assistant United
                                 States Attorney, *on the brief*), *for* Audrey
                                 Strauss, United States Attorney for the
                                 Southern District of New York, New York,
                                 New York.

FOR DEFENDANT-APPELLANT:          Michael K. Burke, Hodges Walsh & Burke,
                                 LLP, White Plains, New York.


        Appeal from the United States District Court for the Southern District of

New York (Seibel, *J.*).

2

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Victor Burns appeals from a judgment entered May 9, 2019, finding him guilty of five violations of the conditions of his supervised release: (1) assault in the third degree in violation of New York Penal Law § 120.00; (2) use of marijuana; (3) failure to notify the Probation Department of police contact; (4) failure to follow a court order barring contact with his on-and-off romantic partner, Jane Vasquez; and (5) grand larceny in the third degree in violation of New York Penal Law § 155.35. The district court sentenced Burns to 24 months' imprisonment and two years' supervised release for the five violations. Burns appeals from this judgment, challenging (1) the finding of a violation on the grand-larceny specification and (2) the sentence of 24 months' imprisonment and two years' supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Burns pleaded guilty in 2013 to a narcotics violation. He was sentenced to a term of imprisonment of 78 months (later reduced to 77 months) and three years' supervised release. On May 9, 2018, he was released from prison and commenced his term of supervised release. Within a few months, he began engaging in the conduct that formed the basis for the specifications against him.

3

Burns argues that there was insufficient evidence for the district court to find that he committed grand larceny in the third degree by illegally using Vasquez's debit card to withdraw $3,742.75. We disagree.

"A district court's finding that a defendant has violated conditions of supervised release is reviewed for abuse of discretion." *United States v. Glenn*, 744 F.3d 845, 847 (2d Cir. 2014) (per curiam). A district court abuses its discretion when its ruling "rests on an error of law, a clearly erroneous finding of fact, or otherwise cannot be located within the range of permissible decisions." *United States v. Parnell*, 959 F.3d 537, 539 (2d Cir. 2020) (internal quotation marks omitted). A district court may revoke a term of supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). "[W]e pay special deference to the district court's credibility determination, and a factfinder who determines that a witness has been contradictory in some respects may nevertheless find the witness entirely credible in the essentials of [her] testimony." *United States v. Smith*, 967 F.3d 198, 215 (2d Cir. 2020) (internal quotation marks omitted).

In finding that Burns stole $3,742.75 through unauthorized withdrawals, the district court relied primarily on (1) Vasquez's "credible" testimony that "she did not authorize the withdrawals"; (2) "videos show[ing] Mr. Burns by himself making these withdrawals . . . in the middle of the night at the times where [Vasquez] would be home with her children"; and (3) "the fact that the defendant [did not] defend himself when

4

[Vasquez] accuse[d] him of . . . making unauthorized withdrawals." App'x at 284-85. Given the district court's consideration of this evidence, we are not persuaded that its finding of the grand-larceny violation was based on a clearly erroneous finding of fact or otherwise fell outside the range of permissible decisions. *See Parnell*, 959 F.3d at 539.

Burns also argues that his revocation sentence was procedurally unreasonable because the district court: (1) incorrectly concluded that Burns's fifth violation was a Grade B violation, rather than a Grade C violation; (2) improperly considered "promoting respect for the law and providing just punishment," Burns Br. at 16, pursuant to 18 U.S.C. § 3553(a)(2)(A); and (3) failed to provide an adequate explanation for its above-Guidelines sentence. Burns's arguments are unavailing.

Sentences for violations of supervised release are reviewed for procedural and substantive reasonableness under a deferential abuse-of-discretion standard. *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020). "A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *Id*. (internal quotation marks omitted). Where, as here, a defendant does not raise procedural objections during sentencing, the sentence is reviewed for plain error. *United States v. Villafuerte*, 502 F.3d 204, 206-08 (2d Cir. 2007). Reversal for plain error requires an error that is plain, affects substantial

5

rights, and seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Solano*, 966 F.3d 184, 193 (2d Cir. 2020). An error affects an appellant's substantial rights when it "affected the outcome of the district court proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks omitted).

First, per our earlier discussion of the grand-larceny violation, we do not find that there was error, much less plain error, in the district court's conclusion that Burns committed grand larceny in the third degree, which, as Burns's counsel noted during sentencing, "is a Grade B violation." App'x at 287.

Second, we do not find that the district court erred in its sentencing by considering the need to promote "respect for the law" and provide "just punishment" pursuant to 18 U.S.C. § 3553(a)(2)(A). Burns argues that 18 U.S.C. § 3583(e), governing revocations of supervised release, *prohibits* a district court from considering the factors under 18 U.S.C. § 3553(a)(2)(A). As this Court noted in *United States v. Williams*, however, "Section 3583 does not state that any particular factor cannot be considered, and we interpret § 3583(e) simply as requiring consideration of the enumerated subsections of § 3553(a), without forbidding consideration of other pertinent factors." 443 F.3d 35, 47 (2d Cir. 2006).

Finally, we do not find that the district court erred in explaining its above-Guidelines sentence. Contrary to Burns's argument, while a district court must

6

adequately explain its reasoning for an above-Guidelines sentence, *Smith*, 949 F.3d at 66,

it need not break down the prison sentences for each violation. Notably, the Guidelines

instruct judges reviewing multiple violations to adopt the grade of the most serious

violation, U.S.S.G. § 7B1.1.(b), which is directly contrary to Burns's proposed approach

of breaking down sentences by each violation. *See also Smith*, 949 F.3d at 66 (affirming a

district court's above-Guidelines sentence, noting that "we do not require district courts

to engage in the utterance of robotic incantations when imposing sentences in order to

assure us that they have weighed in an appropriate manner the various section 3553(a)

factors" (internal quotation marks omitted)).

Here, the district court provided an adequate explanation for its above-

Guidelines sentence. It highlighted several factors for its decision, including the

severity of Burns's violations (noting the "extremely serious" domestic violence and

"inexcusable" grand larceny violations) and the fact that the district court's original

below-Guidelines sentencing was based on Burns's promises that "did not pan out."

App'x at 297-301. The district court further noted that it almost never went above the

Guidelines, but "based on the nature and circumstances of the offense and the history

and characteristics of the defendant," Burns "wouldn't have to be guilty of all five of

these specifications for [the court] to conclude that the maximum [sentence of two

years] is appropriate," *id.* at 301, and that the maximum sentence of two years was

"definitely not greater than necessary." *Id.* at 301-02. Considered in their totality, these

7

statements satisfactorily explained the district court's sentence and demonstrated its reasonableness.

* * *

We have considered Burns's remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk