20-1862-cr
*United States v. Gil*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3ʳᵈ day of May, two thousand twenty-one.

PRESENT:    DENNIS JACOBS,
            DENNY CHIN,
                    *Circuit Judges*,
            J. PAUL OETKEN,
                    *District Judge*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee*,

            -v-                                        20-1862-cr

HERNAN PRADA, JULIO CESAR ALVAREZ,
DAIRO ALVAREZ, PLINIO GUSTAVO PRIETO,
RODRIGO PEREZ, BEATRIZ MUNERA, MARIA
ELENA ALVAREZ, HERNANDO OSPINA, PABLO
OSPINA, ANTONIIO AGUILAR, OSCAR MORA,
ISABEL GONZALEZ, IVAN ROJO, DIEGO LANE,

---

*        Judge J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

GLORIA PALOMINO, ODILIA TORO, HUGO
ORTIZ,

                    *Defendants*,

FERNANDO GIL,

                    *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR APPELLEE:                    MICAH F. FERGENSON, Assistant United States Attorney (Thomas McKay, Assistant United States Attorney, *on the brief*), *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:      JEREMY GORDON, Jeremy Gordon, PLLC, Mansfield, Texas.


       Appeal from the United States District Court for the Southern District of New York (Wood, *J.*).

       **UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

       Defendant-appellant Fernando Gil appeals from a May 22, 2020 order denying his motion to modify his sentence of life imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A).  On appeal, Gil argues that the district court abused its discretion in denying his motion.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On March 25, 1992, after a five-month jury trial, Gil was found guilty of one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. Gil was a large-scale distributor working with the Medellin cocaine cartel and conducted his operations out of his horse ranch on Long Island, from which law enforcement seized loaded firearms and additional ammunition. As the district court later found, between December 1987 and May 1990, Gil was responsible for the distribution of at least 1,653 kilograms of cocaine.

On April 28, 1993, the district court sentenced Gil to life imprisonment. Although Gil was not charged with murder, in sentencing Gil, the district court also credited "evidence at trial that Mr. Gil employed Omar Gomez and Jairo Uribe as workers in his drug business and that Mr. Gil ordered the murder of Jairo Uribe as the result of a theft of a large amount of drug money from Gil by Gomez who was Uribe's friend and co-worker." App'x at 89. The district court further found that Gil had obstructed justice through "fabrication of evidence at trial." *Id.* at 116.

On January 28, 2020, Gil filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582 (c)(1)(A), arguing that his sentence of life imprisonment should be reduced to time served due to his age and health conditions -- he was over 70 years old and suffered from pre-diabetes, hypertension, hyperlipidemia, and latent tuberculosis. On April 28, 2020, Gil filed a supplement to his motion, arguing that he faces a

3

heightened risk of death or serious illness due to his age and health conditions should he contract COVID-19.

On May 22, 2020, the district court denied Gil's motion. Although the district court noted that Gil's age and medical conditions placed him "at a heightened risk of serious illness or death from infection with COVID-19" that "constitute[d] an 'extraordinary and compelling' reason for compassionate release," App'x at 142-43, the district court determined that a sentence reduction was not warranted for several reasons, including the "extraordinarily serious" nature of Gil's underlying offense and its finding that Gil "would pose a danger to the community were he to be released." *Id.* at 140.

We review the denial of a motion for a discretionary sentence reduction for abuse of discretion. *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). A district court abuses its discretion when its ruling "rests on an error of law, a clearly erroneous finding of fact, or otherwise cannot be located within the range of permissible decisions." *United States v. Parnell*, 959 F.3d 537, 539 (2d Cir. 2020) (internal quotation marks and citation omitted).

Where a defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," a court "may reduce [his] term of imprisonment . . . after considering the factors set forth in section 3553(a)" if "extraordinary and compelling reasons warrant such a reduction" and

4

"such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

This Court has held that the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act"), "allows [district] courts independently to determine what reasons, for purposes of compassionate release, are 'extraordinary and compelling'" and that the Director of the Bureau of Prisons ("BOP") is no longer the sole arbiter in determining whether the threshold is met.  *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020).  While courts were previously bound by U.S. Sentencing Guidelines Manual § 1B1.13, which limited the reasons that qualified as extraordinary and compelling,[1] *Brooker*, 976 F.3d at 230, we have now held that district courts are free to "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release," *id.* at 237.

The district court sentenced Gil before we decided *Brooker*, and it cited Guidelines § 1B1.13 in its decision denying Gil's motion.  But the record contains no indication that the district court believed it was limited in the factors it could consider. Indeed, the district court noted that "[f]ollowing the passage of the First Step Act, courts may independently determine whether such 'other reasons'" -- that is, "other reasons" why a defendant's circumstances are extraordinary and compelling -- "are present in a

---

[1]      Pursuant to § 1B1.13, extraordinary and compelling reasons are limited to the medical condition of the defendant, the age of the defendant, family circumstances, and other reasons determined by the BOP.  U.S. Sent'g Guidelines Manual § 1B1.13, n.1.

given case, without deference to the determination made by the BOP." App'x at 142. Moreover, the district court also based its ruling on its "consider[ation of] the factors set forth in 18 U.S.C. § 3553(a)." App'x at 141 (citing 18 U.S.C. § 3582(c)(1)(A)) (internal quotation marks and alteration omitted).

After weighing certain § 3553(a) factors in Gil's favor,[2] the district court found that these factors were "outweighed by 'the need for the sentence imposed to reflect the seriousness of the offense,' 'to afford adequate deterrence to criminal conduct,' and 'to protect the public from further crimes of the defendant.'" App'x at 144; *see also* 18 U.S.C. § 3553(a)(2)(A)-(C). In so doing, the district court specifically noted the "grave harm [Gil] caused by distributing such a large quantity of cocaine," the involvement of "[n]umerous firearms," the credible trial evidence that Gil "ordered the murder of one of his subordinates," its finding that "during trial, [Gil] offered fabricated physical evidence and perjured testimony," and Gil's "disciplinary infraction of possessing a razor blade stuck in a piece of wood." App'x at 143. In light of these circumstances, we are not persuaded that the district court abused its discretion in concluding that early release was not warranted.

\* \* \*

---

[2] "For instance, reducing Defendant's sentence might better 'provide the defendant with needed . . . medical care' were he to contract COVID-19, and Defendant's 'history and characteristics' include treating his children, his wife, and some of his associates with kindness and decency.'" App'x at 143 (alteration in original) (quoting 18 U.S.C. § 3553(a)(1), (2)(D)).

6

We have considered Gil's remaining arguments and conclude they are

without merit.  For the foregoing reasons, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk