19-4317-cr
*United States v. Brown*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand twenty-one.

PRESENT:    JON O. NEWMAN,
            DENNY CHIN,
                    *Circuit Judges.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee*,

            -v-                                           19-4317-cr

LAWRENCE BROWN,
                    *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*]     Our late colleague Judge Peter Hall was originally assigned to this panel. The two remaining members of the panel, who are in agreement, have decided this case in accordance with Second Circuit Internal Operating Procedure E(b). *See* 28 U.S.C. § 46(d); *cf. United States v. Desimone*, 140 F.3d 457, 458 (2d Cir. 1998).

FOR APPELLEE:                       Anden Chow, Karl Metzner, Assistant United
                                    States Attorneys, *for* Audrey Strauss, United
                                    States Attorney for the Southern District of
                                    New York, New York, New York.

FOR DEFENDANT-APPELLANT:            John S. Wallenstein, Law Office of John S.
                                    Wallenstein, Garden City, New York.

Appeal from the United States District Court for the Southern District of New York (Román, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the amended judgment of the district court is **AFFIRMED AS MODIFIED**.

Defendant-appellant Lawrence Brown appeals from an amended judgment entered December 13, 2019, resentencing him principally to 303 months' imprisonment. After a jury convicted Brown of two counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951 and two counts of brandishing a firearm in connection with the Hobbs Act robberies in violation of 18 U.S.C. § 924(c)(1)(A)(ii), the district court sentenced him to a total of 468 months' imprisonment. Brown appealed, and we remanded the case for resentencing. Brown now appeals, contending that his 303-month sentence is procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

**I.** *Background*

Brown was convicted of robbing at gunpoint a Rite-Aid pharmacy in November 2013 and a ShopRite grocery in April 2014. He brandished a firearm at employees in both stores, tied their hands, and took money from the stores' safes. At Brown's first sentencing on January 12, 2018, the district court principally imposed concurrent terms of 84 months' imprisonment for the two Hobbs Act robbery convictions, a mandatory consecutive sentence of 84 months' imprisonment for the first firearm conviction, and a mandatory consecutive sentence of 300 months' imprisonment for the second firearm conviction, for a total of 468 months' imprisonment.

We remanded for resentencing to ensure that the district court was aware of its discretion to consider the severity of mandatory consecutive minimum sentences under 18 U.S.C. § 924(c), and to permit the district court to consider whether section 403(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the "First Step Act"), which took effect after the original sentencing, applied in this case. At resentencing, the district court imposed concurrent terms of 87 months' imprisonment for the two Hobbs Act robbery convictions, a mandatory consecutive sentence of 108 months' imprisonment for the first firearm conviction, and a mandatory consecutive sentence of 108 months' imprisonment for the second firearm conviction, for a total of 303 months' imprisonment.

**II.** *Discussion*

"We review sentencing decisions for procedural and substantive reasonableness." *United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019) (citing *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc)). Generally, "[t]his court reviews the procedural and substantive reasonableness of a sentence under a deferential abuse-of-discretion standard." *United States v. Richardson*, 958 F.3d 151, 153 (2d Cir. 2020) (internal quotation marks and brackets omitted). A district court abuses its discretion when its ruling "rests on an error of law, a clearly erroneous finding of fact, or otherwise cannot be located within the range of permissible decisions." *United States v. Parnell*, 959 F.3d 537, 539 (2d Cir. 2020) (internal quotation marks omitted).

    A.    *Procedural Reasonableness*

In reviewing the procedural reasonableness of a sentence, this Court considers whether the district court committed a "significant procedural error." *United States v. Rosa*, 957 F.3d 113, 117 (2d Cir. 2020) (internal quotation marks omitted). A district court commits procedural error where it fails to calculate the Guidelines range, makes a mistake in its Guidelines calculation, treats the Guidelines as mandatory, does not consider the § 3553(a) factors, rests its sentence on a clearly erroneous finding of fact, or fails to adequately explain its chosen sentence. *See Cavera*, 550 F.3d at 190. In so reviewing, "this Court presumes that the sentencing judge has considered all relevant §

3553(a) factors and arguments unless the record suggests otherwise." *Rosa*, 957 F.3d at 118.

This presumption certainly applies here, and the district court also explicitly stated that it "considered the arguments made by both sides and the information provided by the parties, taking into account the nature and circumstances of the offense, and the history and characteristics of the defendant, and considering all other factors listed in 18 U.S.C. Section 3553(a)." App'x at 68; *see also United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (affirming the procedural reasonableness of a district court's above-Guidelines sentence, noting that "we do not require district courts to engage in the utterance of robotic incantations when imposing sentences in order to assure us that they have weighed in an appropriate manner the various section 3553(a) factors" (internal quotation marks omitted)). We thus conclude that the district court did consider the totality of the § 3553(a) factors, including Brown's arguments regarding his "post-judgment rehabilitation and remorse." Appellant's Br. at 11. *See* App'x at 59-61.

We find, however, that the district court committed procedural error in one respect. Although the district court had originally imposed concurrent terms of 84 months' imprisonment for the two Hobbs Act Robbery convictions, on resentencing it imposed concurrent terms of 87 months' imprisonment. The district court did not specifically address why it *increased* the sentences for the predicate acts after the passage

of the First Step Act.  The failure to explain the increase was procedural error.  *See Cavera*, 550 F.3d at 190; *see also id.* at 193 ("The reason-giving requirement . . . helps to promote the perception of fair sentencing" and "helps the sentencing process evolve by informing the ongoing work of the Sentencing Commission." (brackets and internal quotation marks omitted)).  Accordingly, we modify the sentence to restore the original 84-month sentences on these counts.

      B.     *Substantive Reasonableness*

In reviewing for substantive reasonableness, "[w]e find error only if the sentence cannot be located within the range of permissible decisions," *United States v. Alcius*, 952 F.3d 83, 88 (2d Cir. 2020) (internal quotation marks omitted).  Our review, which "take[s] into account the totality of the circumstances," *United States v. Brown*, 843 F.3d 74, 80 (2d Cir. 2016) (internal quotation marks omitted), "is particularly deferential, and we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (internal quotation marks omitted).  In other words, a "sentence is substantively unreasonable if it is manifestly unjust or shocks the conscience." *Richardson*, 958 F.3d at 153-54 (brackets and internal quotation marks omitted).  In so reviewing, "[w]e focus in particular on a district court's explanation of its sentence in light of the factors contained in 18 U.S.C. § 3553(a), and whether a factor relied on by a sentencing court can bear the

6

weight assigned to it," *United States v. Degroate*, 940 F.3d 167, 174 (2d Cir. 2019) (internal quotation marks and footnote omitted).

In imposing its sentence, the district court highlighted several concerns regarding the instant case, such as: (1) "the testimony of the witnesses, the fear that they discussed," which was "very emotional" for some of the witnesses, App'x at 54; (2) the fact that there were "two separate robberies and that [Brown] terrorized a group of employees," "[p]utting the guns in their face, [tying] them up, basically holding them hostage for considerable amounts of time," App'x at 58; and (3) the fact that "even after he was convicted . . . [Brown] showed no remorse whatsoever, none whatsoever," continuing to "den[y] that it was him" despite "clear video footage of him brandishing a gun," App'x at 59.

In light of the district court's discussion of the "nature and circumstances of the offense, and the history of the characteristics of the defendant," as well as the need to promote the objectives of "punishment, specific and general deterrence, and rehabilitation," *id.* at 68 (citing 18 U.S.C. § 3553(a)), the district court's sentence does not "shock the conscience," *Richardson*, 958 F.3d at 155. Furthermore, while the district court imposed an above-Guidelines sentence for the two firearms convictions, the district court's justifications were "sufficiently compelling to support the degree of the variance." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

\* \* \*

7

We have considered Brown's remaining arguments and conclude they are without merit. For the foregoing reasons, we **MODIFY** the amended judgment of the district court to reduce each of the concurrent sentences imposed on the two Hobbs Act robbery counts to the original 84 months so that the total sentence is 300 months. As modified, the amended judgment is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk