16-3044-cr
*United States v. Green*

# In the
# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2017
No. 16-3044-cr

UNITED STATES OF AMERICA,
*Appellee*,

v.

CHRISTY GREEN,
*Defendant-Appellant*.

On Appeal from the United States District Court
for the Northern District of New York

SUBMITTED: DECEMBER 8, 2017
DECIDED: JULY 31, 2018

Before: CABRANES and CARNEY, *Circuit Judges*, and GOLDBERG, *Judge.*[*]

---

[*] Judge Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

----

Defendant-Appellant Christy Green ("Green") appeals from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*) convicting her of theft of government property in violation of 18 U.S.C. § 641 and sentencing her principally to one year of probation and to paying restitution. The questions for appeal are (1) whether Green waived her right of appeal in her plea agreement with the government; (2) whether the District Court was permitted to order restitution for property stolen outside the period set by the applicable statute of limitations on the ground that Green consented to pay such restitution in her plea agreement; and (3) whether violations of 18 U.S.C. § 641 (embezzlement of government property) constitute continuing offenses, rendering Green liable for restitution for funds embezzled outside the limitation period.

We hold that Green did not waive her right of appeal, and that the District Court was not permitted to order restitution for property stolen outside the limitation period because Green did not consent to pay such restitution and violations of 18 U.S.C. § 641 do not constitute continuing offenses. Accordingly, we **VACATE IN PART** the District Court's judgment and **REMAND** the cause for determination of the proper restitution amount within the limitation period.

----

Carina H. Schoenberger, Assistant United
States Attorney, *for* Grant C. Jaquith, Acting

2

United States Attorney for the Northern District of New York, Syracuse, NY, *for Appellee.*

Arthur R. Frost, Frost & Kavanaugh, P.C., Troy, NY, *for Defendant-Appellant.*

———————

JOSÉ A. CABRANES, *Circuit Judge*:

Defendant-Appellant Christy Green ("Green") appeals from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*) convicting her of theft of government property in violation of 18 U.S.C. § 641 and sentencing her principally to one year of probation and to paying restitution. The questions for appeal are (1) whether Green waived her right of appeal in her plea agreement with the government; (2) whether the District Court was permitted to order restitution for property stolen outside the period set by the applicable statute of limitations on the ground that Green consented to pay such restitution in her plea agreement; and (3) whether violations of 18 U.S.C. § 641 (embezzlement of government property) constitute continuing offenses, rendering Green liable for restitution for funds embezzled outside the limitation period.

We hold that Green did not waive her right of appeal, and that the District Court was not permitted to order restitution for property stolen outside the limitation period because Green did not consent to

3

pay such restitution and violations of 18 U.S.C. § 641 do not constitute continuing offenses. Accordingly, we **VACATE IN PART** the District Court's judgment and **REMAND** the cause for determination of the proper restitution amount within the limitation period.

## I. BACKGROUND

While she was still living, Green's mother received monthly benefits payments from the United States Department of Veterans Affairs ("VA"). Each month, the VA automatically deposited approximately $1,154 into a joint bank account that Green held with her mother. Green's mother died on January 10, 2009, and Green notified the VA of her death on February 9, 2009. But the VA continued to make automatic monthly payments to the joint bank account through August 2, 2011. As the automatic deposits continued, Green regularly wrote checks to herself from the account in amounts similar to the amounts of the VA payments.

On February 8, 2016,[1] the government filed an Information charging Green with having "willfully and knowingly embezzled, stole, and converted to her use and the use of others, money of the United States and of a department thereof . . . in violation of Title 18, United States Code, Section 641."[2] App. 5.

---

[1] The record does not indicate why the government did not file the Information until almost five years after the final VA payment.

[2] Section 641 of title 18 provides, as relevant to the crime charged here:

4

Green immediately entered into a plea agreement with the government. She agreed to plead guilty to stealing a total of $35,774 between January 10, 2009, and August 2, 2011, and to pay "restitution . . . in an amount determined by the Court to be equal to the sum of payments unlawfully received *within* the applicable limitations period." App. 7–8 (emphasis added). She also waived her right "to appeal and/or collaterally attack . . . [a]ny order of . . . restitution . . . that is consistent with governing law and is not contrary to the terms of this agreement." *Id.* at 11. But Green expressly "reserve[d] the right to contest . . . restitution" for payments stolen *outside* the limitation period. *Id.* at 8.

At sentencing, the parties disagreed about which payments, if any, had been stolen *outside* "the applicable limitations period." The applicable statute of limitations, 18 U.S.C. § 3282(a), requires any prosecution under 18 U.S.C. § 641 to be "instituted within five years."

---

Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; . . .

Shall be fined under this title or imprisoned not more than ten years, or both; but if the value of such property in the aggregate, combining amounts from all the counts for which the defendant is convicted in a single case, does not exceed the sum of $1,000, he shall be fined under this title or imprisoned not more than one year, or both.

The word "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

5

According to Green, this meant that she was liable only for payments stolen within five years of the filing of the Information. According to the government, Green's violation of 18 U.S.C. § 641 was one "continuing offense" that encompassed the theft of all the payments she received after her mother died, rendering Green liable for payments received more than five years before the Information was filed.

The District Court agreed with the government. It sentenced Green to one year of probation and ordered restitution in the full amount of $35,744, covering payments stolen both within and outside the limitation period. This appeal followed.

## II. DISCUSSION

### A. Whether Green Waived Her Right to Appeal

The government argues that Green's appeal should be dismissed because she waived her right to appeal the District Court's restitution order. We disagree.

We review plea agreements, including waivers of the right to appeal, de novo and in accordance with general principles of the law of contract. *See United States v. Padilla*, 186 F.3d 136, 139–40 (2d Cir. 1999). Since plea agreements waive defendants' fundamental constitutional rights, we construe their terms strictly against the government, "hold[ing] prosecutors engaging in plea bargaining to the most meticulous standards of both promise and performance."

*United States v. Lawlor*, 168 F.3d 633, 636 (2d Cir. 1999) (citation omitted).

We conclude that Green expressly reserved the right to challenge any order of restitution that includes funds embezzled outside of the limitation period. The plea agreement contains a provision stating as much: "[T]he defendant reserves the right to contest such restitution." App. 8. It is true that Green waived her right to appeal "[a]ny order of . . . restitution . . . that is consistent with governing law and is not contrary to the terms of this agreement." App. 11. But as we discuss below, Green's main argument on appeal is precisely that the restitution order in this case is not "consistent with governing law," in that the order applies to VA funds stolen outside the applicable limitation period. The government's attempt to circumvent this language does not satisfy "the most meticulous standards" to which we hold the government in plea bargains. *Lawlor*, 168 F.3d at 636. Indeed, it falls far short.

### B. Whether Green's Guilty Plea Constitutes Agreement to Pay the Full Amount of Loss to the VA

The government next argues that the District Court was permitted to order restitution for funds stolen outside the limitation period because Green consented to such an order in her plea agreement. According to the government, since Green pleaded guilty to stealing funds both before and after the limitation period, the District Court's restitution order properly reflected the entire loss

admitted in the plea agreement. We conclude that Green agreed to no such thing in her plea agreement.

This case is similar to *United States v. Silkowski*, 32 F.3d 682 (2d Cir. 1994). In *Silkowski*, the government prosecuted the defendant under 18 U.S.C. § 641, the parties entered into a plea agreement under which Silkowski pleaded guilty, and Silkowski—who stole Social Security payments over a period that straddled the statute of limitations—argued at sentencing that the court could not order restitution for any money he received beyond the limitation period. *Id.* at 684–85. After the district court ordered Silkowski to pay restitution covering the full twelve years of stolen payments, Silkowski appealed. We agreed with Silkowski, concluding that "the district court is prohibited from ordering restitution for losses attributed to conduct that was not part of the offense of conviction because of the applicable statute of limitations in this case." *Id.* at 687. We further noted that the sentencing court can only order "restitution beyond the offense of conviction when the defendant agrees to such in a plea agreement." *Id.* at 688–89 (internal quotation marks omitted).

The government argues that because the District Court based its restitution order solely on Green's offense of conviction, its order differed from the one reviewed in *Silkowski*. In the government's view, Silkowski pleaded guilty only to the charge as it related to payments stolen within the five-year statute of limitations. By contrast, Green pleaded guilty to the entire charge, which pertained to payments stolen more than five years before the information charging her was filed. Yet, under *Silkowski*, pleading guilty to stealing funds outside of

8

the limitation period does not constitute agreement to pay restitution for that period where, as here, the defendant expressly reserved the right to raise the statute-of-limitations defense. Green's guilty plea did not constitute an agreement to pay the full amount of loss incurred by the VA.

### C. Whether Violations of 18 U.S.C. § 641 Constitute "Continuing Offenses"

Having concluded that Green may challenge the restitution order on appeal, we now address Green's argument that the District Court erred in ordering restitution in the full amount of $35,744 because violations of 18 U.S.C. § 641 do not constitute continuing offenses—and thus that the government is entitled to restitution for only the money embezzled within the five-year statute of limitations period. The government, by contrast, contends that while Section 641 offenses must be "instituted within five years," they are not complete each time funds are converted and are thus continuing offenses encompassing multiple occasions of conversion.

We review this question of law de novo. *See United States v. Gushlak*, 728 F.3d 184, 191 (2d Cir. 2013); *Lawlor*, 168 F.3d at 636.

Prosecutions of violations under 18 U.S.C. § 641 must be "instituted within five years." 18 U.S.C. § 3282(a). The statute of limitations for prosecuting an offense runs from the moment the offense is completed. *Toussie v. United States*, 397 U.S. 112, 115 (1970). Ordinarily, completion occurs at the moment the defendant's conduct satisfies every element of the offense has been fulfilled. A continuing

offense presents an exception to the rule. It is a crime, such as a conspiracy, that "contemplates a prolonged course of conduct." *Id.* at 120. Although all the elements of the offense may already have been fulfilled, the offense is understood to be complete only when the conduct has "run its course." *United States v. Eppolito*, 543 F.3d 25, 46 (2d Cir. 2008) (quoting *United States v. Rivera-Ventura*, 72 F.3d 277, 281 (2d Cir. 1995)). If violation of section 641 is a continuing offense, Green's conversions of VA payments to her own use are a single crime that ran from January 2009 to August 2011. If violation of section 641 is not a continuing offense, Green committed a separate crime each time she converted VA funds, and the district court may not order her to pay restitution for losses attributable to acts of conversion that she committed outside the five-year limitation period. *Silkowski*, 32 F.3d at 687.

Under *Toussie*, a crime is not a continuing offense "unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." 397 U.S. at 115. The government concedes that "the explicit language of Section 641 does not compel the conclusion that every chargeable violation is a 'continuing offense' . . . ." Gov. Br. 24. We thus need only consider whether "the nature of the crime" makes violation of section 641 a continuing offense.

We conclude that violations of that paragraph of section of 641 that prohibits "embezzle[ment], steal[ing], purloin[ing], or knowing[] conver[sion]" are not by their nature continuing offenses and that the

District Court was not permitted to order restitution for payments stolen outside the limitation period on a continuing-offense theory.

We acknowledge that the Fourth Circuit, in the only appellate case to address the question, held violation of section 641 *is* a continuing offense. *See United States v. Smith*, 373 F.3d 561 (4th Cir. 2004). In *Smith*, the defendant failed to report his mother's death to a federal agency and continued to receive her benefits payments for several years. *Id.* at 563. He was charged with "knowingly, intentionally and willfully embezzl[ing], steal[ing], purloin[ing] and convert[ing] to his own use" the benefits payments. *Id.* To determine whether Smith's crime was a continuing offense, the Fourth Circuit looked beyond the language of section 641 and considered Smith's actual charged conduct. The Fourth Circuit held that "at least in those cases where the defendant created a recurring, automatic scheme of embezzlement under section 641 by conversion of funds voluntarily placed in the defendant's possession by the government," as in *Smith*, "Congress must have intended that such be considered a continuing offense for purposes of the statute of limitations." *Id.* at 567–68.

We respectfully disagree with the Fourth Circuit's reasoning. In *Toussie*, the Supreme Court determined "the nature of the crime" as intended by Congress by examining the statutory definition of the offense. *See* 397 U.S. at 115–21. In *Smith*, by contrast, the Fourth Circuit examined not only the statute but also the specific facts of the case. We think that this approach is inconsistent with the Supreme Court's rationale in *Toussie*, which looks to Congress's intent as expressed in the "explicit language" of the statute. *Id.* at 115. Nothing in the

11

statutory language indicates to us an intent to make violation of section 641 a continuing offense.

Our analysis follows the Seventh Circuit's interpretation of a closely related statute, 18 U.S.C. § 666. *See United States v. Yashar*, 166 F.3d 873 (7th Cir. 1999). Section 666 among other things makes it a federal crime for the agent of an entity that receives federal funds to steal that entity's property. The Seventh Circuit held that a violation of section 666 does not become a continuing offense simply because the charging instrument describes a continuing course of conduct. The court noted that "the . . . nature of a defendant's actions has never been the benchmark of a continuing offense under *Toussie*. Instead, the focus is on the statutory language." *Id.* at 877. The statute of limitations begins to run on a violation of section 666, it concluded, "once all elements of the offense are established, regardless of whether the defendant continues to engage in criminal conduct." *Id.* at 880.

Moreover, the majority of district courts to reach this issue have held that section 641 is not a continuing offense. *See, e.g.*, *United States v. Reese*, 254 F. Supp. 3d 1045, 1049 (D. Neb. 2017); *United States v. Henrickson*, 191 F. Supp. 3d 999, 1001 (D.S.D. 2016); *United States v. Powell*, 99 F. Supp. 3d 262, 264–66 (D.R.I. 2015).

In short, we agree with the majority of the district courts that have reached this question in holding that violations of section 641 are not continuing offenses. The District Court was therefore not permitted to order restitution for theft outside the limitation period on that basis.

12

### III. CONCLUSION

To summarize, we hold as follows:

(1) Green did not waive her right to appeal;

(2) the District Court was not permitted to order restitution for VA payments stolen outside the limitation period on the ground that Green had consented to such an order because her plea agreement indicates no such consent; and

(3) the District Court was not permitted to order restitution for VA payments stolen outside the limitation period on a continuing offense theory because violations of 18 U.S.C. § 641 do not constitute continuing offenses.

Accordingly, we **VACATE IN PART** the District Court's judgment as to the restitution order and **REMAND** the cause to the District Court to determine the proper restitution amount within the limitation period.