*United States v. Feeterman*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand twenty-five.

Present:
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> *Circuit Judges,*
> STEFAN R. UNDERHILL,
> *District Judge.\**

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                              24-503

ZACHARY T. FEETERMAN,

> *Defendant-Appellant.*†

---

FOR APPELLEE:                          Tiffany H. Lee, Assistant United States Attorney, *for* Michael DiGiacomo, United States Attorney for the Western District of New York, Buffalo, NY.

---

\* Judge Stefan R. Underhill, of the United States District Court for the District of Connecticut, sitting by designation.

† The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR DEFENDANT-APPELLANT: Herbert L. Greenman, Lipsitz Green Scime Cambria LLP, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Vilardo, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal of the judgment of the district court is **DISMISSED**.

On May 8, 2023, Defendant Zachary T. Feeterman pleaded guilty pursuant to a plea agreement to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). On February 16, 2024, the district court sentenced him to a term of 120 months' imprisonment and 30 years' supervised release. On appeal, he argues that his term of supervised release is substantively and procedurally unreasonable. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"We review plea agreements, including waivers of the right to appeal, de novo and in accordance with general principles of the law of contract." *United States v. Green*, 897 F.3d 443, 447 (2d Cir. 2018). "A plea agreement that waives the right to appeal a sentence is presumptively enforceable if it has been entered into knowingly, voluntarily, and competently." *United States v. Lajeunesse*, 85 F.4th 679, 692 (2d Cir. 2023) (internal quotation marks omitted). Exceptions to that presumption "occupy a very circumscribed area of our jurisprudence." *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011).

Feeterman's appeal is barred by a valid appellate waiver. Feeterman seeks to challenge the district court's imposition of a 30-year term of supervised release. But his plea agreement made clear that his "sentencing range would be a term of imprisonment of 120 months, a fine of $25,000 to $250,000, and a period of supervised release of 5 years to life." App'x at 38. Feeterman agreed that he "knowingly waive[d] the right to appeal and collaterally attack any

2

component of a sentence imposed by the Court which falls within or is less than" that range. App'x at 43. Feeterman thus waived his right to appeal the 30-year term of supervised release imposed here.

Feeterman contends that the appellate waiver contained in his plea agreement is invalid because the district court did not ensure that he "really understood" it. Appellant's Br. at 22. But that is incorrect. The district court discussed the appellate waiver at length at Feeterman's change of plea hearing. The court asked whether Feeterman understood that he was "giving up [his] right to appeal or collaterally attack all or part of the Court's sentence as long as that sentence is within or less than the guidelines range noted in paragraph 15." App'x at 131. Feeterman responded: "Yes, I understand, Your Honor." *Id.* The district court continued: "So that means you're giving up your right to appeal a sentence with a term of imprisonment of up to 120 months, or ten years, a fine of up to $250,000, a period of supervised release of up to life, and those three assessments again, the required special assessment of $100, if you're not indigent special assessment of $5,000, and the additional special assessment of up to $17,000." App'x at 131-32. Again, Feeterman responded that he understood. *Id.* at 132. The district court also asked whether Feeterman had discussed his right to appeal with his attorney and whether he "agree[d] to give up [his] right to appeal on the terms and conditions that I just stated." *Id.* Feeterman replied: "Yes, Your Honor." *Id.* The plea colloquy thus shows that Feeterman's plea was knowing and voluntary, and his appeal is foreclosed by the valid appellate waiver.[1]

---

[1] Although we dismiss this appeal, we note that the district court incorrectly stated when imposing the term of supervised release that it could "always lessen" that term in the future, but "can't increase it, . . . unless you violated." Joint App'x at 197. The applicable statute, 18 U.S.C. § 3583, effectively says the opposite. "[A]fter considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C),

*   *   *

We have considered the remainder of Feeterman's arguments and find them to be without merit.   For the foregoing reasons, we **DISMISS** this appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

(a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," the court may: "terminate" a term of supervised release after the supervisee has served one year of supervision; "extend" a term of supervised release "at any time prior to the expiration or termination of the term of supervised release" if "less than the maximum authorized term . . . previously imposed"; "modify, reduce, or enlarge the conditions of supervised release"; or "revoke" a term of supervised release "and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release." 18 U.S.C. §§ 3583(e)(1)–(e)(3).   Apart from termination, section 3583 does not authorize a court to shorten a term of supervised release.