*United States v. Mitchell*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand twenty-six.

PRESENT:
>ROBERT D. SACK,
>DENNY CHIN,
>RICHARD J. SULLIVAN,
>>*Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

>*Appellee,*

>v.                                                           No. 25-1421

JOSEPH MITCHELL,

>*Defendant-Appellant.*

———————————————————————

| For Appellee: | JOSHUA ROTHENBERG, Assistant United States Attorney, *for* John A. Sarcone III, Acting United States Attorney for the Northern District of New York, Syracuse, NY. |
|---|---|
| For Defendant-Appellant: | RANDALL D. UNGER, Kew Gardens, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal from the May 20, 2025 judgment of the district court is **DISMISSED**.

Joseph Mitchell appeals from his judgment of conviction after a guilty plea to one count of conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and one count of possessing firearms as a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), for which he received a sentence of 135 months' imprisonment, followed by five years' supervised release. Mitchell argues that (i) his conviction under section 922(g)(1) should be vacated because "the felon[-]in[-]possession statute violates the Second Amendment," and (ii) his within-Guidelines sentence of 135 months' imprisonment is substantively unreasonable. Mitchell Br. at 17, 18–21. The government contends that Mitchell waived these

2

arguments pursuant to the terms of the parties' plea agreement.   We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as needed to explain our decision.

"We review plea agreements, including waivers of the right to appeal, *de novo* and in accordance with general principles of the law of contract."   *United States v. Green*, 897 F.3d 443, 447 (2d Cir. 2018).   And while "we construe" ambiguities in such waivers "strictly against the government," *id.*, the terms are "presumptively enforceable if" they have "been entered into knowingly, voluntarily, and competently," *United States v. Lajeunesse*, 85 F.4th 679, 692 (2d Cir. 2023) (internal quotation marks omitted).   Accordingly, we will decline to enforce an appeal waiver only in limited circumstances – for example, where a defendant's fundamental rights have been violated, such as when a sentencing court relies on a defendant's race or naturalized status to increase his sentence.   *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011); *see also United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017) (discussing the four grounds on which this Circuit has recognized an appeal waiver may be "deemed unenforceable"); *United States v. Lutchman*, 910 F.3d 33, 37 (2d Cir. 2018) (identifying one additional ground on which an appeal waiver may be deemed unenforceable).

The burden is on the defendant to establish that the right implicated was so fundamental that it is unwaivable under all circumstances. *United States v. Monzon*, 359 F.3d 110, 119 (2d Cir. 2004) (holding that enforcement of an appeal waiver is appropriate where "the merits of" a claim "cannot be determined on the basis of the record on appeal"). And in assessing whether a fundamental right has been affected, our central consideration is the nature of the right and whether the sentence imposed was reached in a manner unanticipated by the plea agreement. *Riggi*, 649 F.3d at 148; *see Lajeunesse*, 85 F.4th at 692–93. In part, this high bar for voiding appeal waivers serves to protect defendants' ability to meaningfully negotiate with the government before deciding whether to plead guilty or stand trial. *Lajeunesse*, 85 F.4th at 692.

Mitchell does not contend that he entered into his plea agreement "[un]knowingly, [in]voluntarily, [or] [in]competently." *Id.* (internal quotation marks omitted). Instead, Mitchell's only argument with respect to the appeal waiver's unenforceability – spanning a single sentence – is his unqualified assertion that an "appellant may challenge the constitutionality of his conviction on appeal . . . despite his guilty plea." *See* Mitchell Br. at 15 (citing *United States v. Alarcon Sanchez*, 972 F.3d 156, 166 n.3 (2d Cir. 2020)). But it is not Mitchell's *plea*

4

that blocks his right to appeal – it is the fact that he has expressly *waived* that right in his plea *agreement*. *E.g.*, *Garza v. Idaho*, 586 U.S. 232, 238 (2019) (reiterating that "plea bargains are essentially contracts" and will "preclude[] challenges that fall within [their] scope" (first quoting *Puckett v. United States*, 556 U.S. 129, 137 (2009); then quoting *United States v. Hardman*, 778 F.3d 896, 899 (11th Cir. 2014)). While it is true that a defendant who (unlike Mitchell) preserves his right to appeal may raise constitutional challenges to his conviction notwithstanding his guilty plea, no such right exists where a defendant has benefited from his bargain with the prosecutor and in exchange has agreed to give up his right to appeal his conviction or sentence. *E.g.*, *United States v. Ojeda*, 946 F.3d 622, 629 (2d Cir. 2020) ("This Court has repeatedly held that a knowing and voluntary waiver of the right to appeal a sentence is presumptively enforceable."); *see also Brady v. United States*, 397 U.S. 742, 748 (1970) (acknowledging the validity of "[w]aivers of constitutional rights").

Here, Mitchell indeed benefitted from his bargain. The express terms of the appeal waiver provide that the government may not seek other federal criminal charges based on the conduct described in the information and plea agreement; the agreement also precludes the government from seeking to raise the

5

statutory minimum to 180 months based on Mitchell's prior convictions. In exchange, Mitchell "waives (gives up) any and all rights . . . to appeal and/or to collaterally attack . . . [a]ny term of imprisonment of 135 months or less," App'x at 19, and he "further waives the right to raise on appeal or on collateral review any claim that . . . the statute(s) to which [he] is pleading guilty is(are) unconstitutional," *id.* at 20. Those are the exact challenges he raises on appeal. Absent extraordinary circumstances – none of which Mitchell contends apply here – we are duty-bound to enforce the terms of the deal Mitchell struck with the prosecutor and therefore dismiss this appeal. *See United States v. Thompson*, 143 F.4th 169, 182 (2d Cir. 2025) ("The exceptions to [enforcing appeal waivers] occupy a very circumscribed area of our jurisprudence." (alteration adopted) (quoting *United States v. Borden*, 16 F.4th 351, 354–55 (2d Cir. 2021))).[1]

The appeal waiver also precludes Mitchell's challenge to the substantive reasonableness of his 135-month sentence. Indeed, "[i]t has long been clear in this Circuit that 'in no circumstance may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a

---

[1] Even if it could be argued that Mitchell's appeal waiver does not foreclose his section 922(g)(1) challenge, that argument is squarely foreclosed on the merits by our decision in *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025), *cert. denied*, No. 25-269, 2026 WL 135708 (U.S. Jan. 20, 2026).

certain sentence, then appeal the merits of *a sentence conforming to the agreement*.'"

*United States v. Morgan*, 386 F.3d 376, 380 (2d Cir. 2004) (emphasis added and alterations adopted) (quoting *United States v. Salcido–Contreras*, 990 F.2d 51, 53 (2d Cir. 1993)).  As a result, we will not disturb a sentence equal to or less than that which the defendant has agreed not to appeal because "[s]uch a remedy would render the plea[-]bargaining process and the resulting agreement meaningless." *Id.* (quoting *Salcido–Contreras*, 990 F.2d at 53).

\*       \*       \*

We have considered Mitchell's remaining arguments and find them to be without merit.  Accordingly, we **DISMISS** the appeal from the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7