*United States v. Hernandez-Velazquez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand twenty-six.

PRESENT:
>RICHARD J. SULLIVAN,
>EUNICE C. LEE,
>SARAH A. L. MERRIAM,
>*Circuit Judges*.

———————————————————————

UNITED STATES OF AMERICA,

>*Appellee*,

>v.                                            No. 25-650

ERNESTO HERNANDEZ-VELAZQUEZ, a.k.a. Chapas, ARCELIA HERNANDEZ-VELAZQUEZ, a.k.a. La Gordis, HUGO HERNANDEZ-VELAZQUEZ, a.k.a. Norberto Hernandez Velasquez, a.k.a. La Gallina,

>*Defendants*,

GIOVANNI HERNANDEZ-VELAZQUEZ,
a.k.a. Giovanny Hernandez-Velasquez,
a.k.a. Geovani Hernandez-Velasquez,

*Defendant-Appellant*.[*]

_____

| | |
|---|---|
| **For Defendant-Appellant:** | NICHOLAS D. SMITH, David B. Smith, PLLC, New York, NY. |
| **For Appellee:** | ERIN REID (Susan Corkery, *on the brief*), Assistant United States Attorneys, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal from the March 17, 2025 judgment of the district court is **DISMISSED in part** and the judgment is **AFFIRMED in part**.

Giovanni Hernandez-Velazquez appeals from a judgment of conviction after his guilty plea to one count of sex trafficking conspiracy in violation of 18 U.S.C. §§ 1591(a)(1)–(2), 1594(c), for which he was sentenced principally to 210

---

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.

2

months' imprisonment followed by five years' supervised release. Hernandez-Velazquez raises two challenges to his sentence – *first*, that the district court erroneously relied on a victim-impact statement that was not made available to his counsel until the day before sentencing, without granting an adjournment to allow him to consult with counsel about it, and *second*, that the court wrongly concluded that his culpability was equal to that of his older brother. The government contends that Hernandez-Velazquez waived these arguments pursuant to the terms of the parties' plea agreement. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as needed to explain our decision.

"We review plea agreements, including waivers of the right to appeal, *de novo* and in accordance with general principles of the law of contract." *United States v. Green*, 897 F.3d 443, 447 (2d Cir. 2018). And while "we construe" ambiguities in such waivers "strictly against the government," *id.*, their terms are "presumptively enforceable if [they have] been entered into knowingly, voluntarily, and competently," *United States v. Lajeunesse*, 85 F.4th 679, 692 (2d Cir. 2023) (internal quotation marks omitted). That said, we will not enforce an appeal waiver where a defendant's fundamental rights have been violated, such

as when a sentencing court relies on a defendant's race or naturalized status to increase his sentence. *See United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011). Of course, not every error requires the voiding of a defendant's otherwise knowing and voluntary waiver. *See id.* at 147–48 ("We have enforced waivers where a sentence was arguably imposed contrary to a statutory requirement."). In assessing whether an error voids an appeal waiver, we look to the nature of the right and whether the sentence imposed was reached in a manner unanticipated by the plea agreement. *See id.* at 148; *Lajeunesse*, 85 F.4th at 692. "Exceptions to [the] presumption [of enforceability] occupy a very circumscribed area of our jurisprudence." *Lajeunesse*, 85 F.4th at 692 (internal quotation marks omitted). In part, this presumption serves to protect defendants' ability to meaningfully negotiate with the government before deciding whether to plead guilty or stand trial. *See id.*

Hernandez-Velazquez does not contend that he entered into his plea agreement "[un]knowingly, [in]voluntarily, [or] [in]competently." *Id.* Instead, he argues that the sentencing court's consideration of a victim impact statement violated due process because he was only given a copy of the statement the night before his sentencing and denied the opportunity for an adjournment to discuss

4

the statement with counsel prior to his allocution. He contends that this constituted a violation of his fundamental rights sufficient to set aside the otherwise valid waiver.

We have observed that "while allocution is not a constitutional right, the right is a weighty one that is essential to the sentencing process and that carries important public policy implications." *Id.* at 694. Accordingly, we have declined to enforce an appeal waiver when a district court failed to give the defendant *any* opportunity to address the court at sentencing. *See id.* at 684, 694-95. That is not what happened here; Hernandez-Velazquez argues that his right to allocution was undermined, not denied entirely, and we have never held that an appeal waiver is voided in such circumstances. And while a defendant has the right to be put "on notice of all relevant information that could be used in determining his sentence," *United States v. Romano*, 825 F.2d 725, 730 (2d Cir. 1987), we have never said that such notice is defective if it arrives "the evening before sentencing," Hernandez-Velazquez Br. at 15, or even at the outset of the sentencing hearing. The Federal Rules of Criminal Procedure merely provide that, "[a]t *sentencing*," the defendant "must" be given "a written summary of . . . any information excluded from the presentence report . . . on which the court will rely

5

in sentencing." Fed. R. Crim. P. 32(i)(1)(B) (emphasis added). That is precisely what happened here.

Moreover, the facts asserted in the victim impact statement were also summarized in the presentence report, which was provided to him weeks before his sentencing. *See* Def. App'x at 31–32 (relying on "[p]aragraph 34 of the PSR" to find that Hernandez-Velazquez had "coerced Jane Doe 6 into becoming a prostitute"); *see also id.* at 38 (adopting the findings of "[p]aragraphs 34 through 38" of the PSR to conclude that Hernandez-Velazquez had "physically abused Jane Doe 6, forcing her to travel to the U.S. against her will"). In other words, Hernandez-Velazquez clearly possessed a "summary" of the facts on which the district court relied in imposing sentencing.

In short, even if we were to assume that the waiver in this case was not enforceable, Hernandez-Velazquez's claims would still fail on the merits because he has not shown that the district court's consideration of the victim statement and refusal to grant an adjournment for Hernandez-Velazquez to review it with his counsel actually affected the sentence imposed. "A defendant must show both arbitrariness and prejudice in order to obtain reversal of the denial of a continuance." *United States v. Stringer*, 730 F.3d 120, 128 (2d Cir. 2013) (internal

quotation marks omitted). Because the district court relied exclusively on facts set forth in the PSR, and not on the victim's late-received statement, Hernandez-Velazquez cannot show that the sentence was impacted by his asserted inability to respond to the statement. We therefore find no prejudicial error sufficient to warrant vacatur of the sentence imposed.

Hernandez-Velazquez next argues that his appeal waiver should not be enforced because the district court "rooted its decision in mistakes of fact," *Lajeunesse*, 85 F.4th at 692 – namely, the conclusion that Hernandez-Velazquez was "equally culpable" as his brother and co-defendant, Ernesto, Hernandez-Velazquez Br. at 19. But a careful review of the record reveals that the district court did not "equate[]" Hernandez-Velazquez's culpability with that of his brother. *Id*. at 1, 11, 21. The court simply noted that Hernandez-Velazquez's conduct – and his culpability – more closely resembled that of his brother than that of his sister, both of whom were co-conspirators in the sex trafficking conspiracy. This comparison of sibling culpability was hardly gratuitous; it came up only because Hernandez-Velazquez insisted that sentencing him to more time in prison than his sister would create "unwarranted sentence disparities." Def. App'x at 43–44.

7

Nor was the district court's characterization unfounded. As the government noted in its sentencing submission, "the defendant's conduct – which involved the direct recruitment of victims and the use of violence and threats of violence to force those victims, including Jane Does #6 and #1, to continue working in prostitution on behalf of the Hernandez-Velazquez organization – was much more egregious *than* [*his sister's*]." Dist. Ct. Doc. No. 205 at 5 (emphasis added). In stark contrast to his sister, who "was not directly violent with any of the[] victims," Def. App'x at 28–29, Hernandez-Velazquez had "kidnapped Jane Doe 1's son and threatened to harm him if Jane Doe 1 did not continue working as a prostitute" and "physically beat" Jane Doe 6, *id.* at 35. In terms of violence toward his victims, Hernandez-Velazquez's conduct was clearly more similar to that of his brother Ernesto than to that of his sister. *Compare, e.g.*, Dist. Ct. Doc. No. 215 at 21:22–25 (Ernesto's sentencing transcript) (finding that Ernesto "inflicted severe bodily injury from years of physical . . . abuse" against Jane Doe 4), *with* Dist. Ct. Doc. No. 182 at 7 (sister's sentencing memorandum and order) (finding that the defendant's sister "did not physically coerce the victims").

Viewed in context, we discern no error – much less a mistake of fact rising to the level of a violation of a fundamental right – in the district court's "liken[ing]"

Hernandez-Velazquez's culpability to that of his brother. Def. App'x at 44. Hernandez-Velazquez is therefore bound by the terms of his plea agreement, including its appeal waiver.

\* \* \*

We have considered Hernandez-Velazquez's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM in part** the judgment of the district court and **DISMISS in part** the appeal from that judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9